No. 569

BERKO v. BERKO

Ohio Appeals, 8th Dist. Cuyahoga Co.

No. 7922.   Decided May 16, 1927.

301.   CONTRIBUTORY NEGLIGENCE—Personal Injuries—Where plaintiff is injured by automobile suddenly backing up and knocking her to the street, it is not contributory negligence where she did not look into the car to see if there was a driver or that the motor was running.

First Publication of this Opinion

VICKERY, J.

Goldie Berko instituted this action in the Cuyahoga Common Pleas against Max Berko to recover for personal injuries resulting to her caused by plaintiff in error's automobile. Judgment was rendered upon a verdict in favor of Goldie Berko.

It seems that she was crossing East 105th St. in the city of Cleveland and that the machine was parked on the east side of said street in violation of a city ordinance, and that while crossing she stopped in the rear of Max Berko's car when he suddenly backed up without any warning and knocked Goldie Berko down causing the injuries alleged.

The Court of Appeals in affirming the judgment of the lower court held:—

1. It is contended that plaintiff was guilty of contributory negligence. It is contributory negligence to cross a street inter-section behind a standing car, without peering around to see whether anyone is in the car and whether the motor is running or not?

2. A pedestrian has a right to rely upon the fact that the owner of the car would obey the ordinance and give warning if he backed up.

3. The question of contributory negligence was submitted to the jury and their verdict was in favor of plaintiff below and there is no error which would warrant the reversing of this case.

Judgment therefore affirmed.

Sullivan, PJ., and Levine, J., concur.)

Attorneys—Gentsch and Cornell for plaintiff in error; H. Neff and J. A. Namen for defendant in error; all of Cleveland.